NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN DEAN,

        Plaintiff,

v.

K. MCEADY, et al.,

        Defendants.

Civil Action No. 18-11225 (MAS) (DEA)

OPINION

**SHIPP, District Judge**

Plaintiff John Dean brings this Complaint asserting claims pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Court previously granted Plaintiff *in forma pauperis* status in this matter. (Order, ECF No. 5.) The Court will review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may by granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons explained below, the Court dismisses the Complaint in its entirety, without prejudice, and grants Plaintiff thirty days to amend his Complaint.

**I.    FACTUAL BACKGROUND**

The facts alleged in the Complaint transpired while Plaintiff was incarcerated at New Jersey State Prison ("NJSP"). Plaintiff alleges that Defendant McEady ("McEady"), NJSP's inventory officer, destroyed Plaintiff's property—consisting of a radio and surge protector—without giving Plaintiff the option of mailing the items home. (Compl. 5.) Plaintiff further alleges that Defendant Doran ("Doran"), NJSP's mailroom supervisor, lied regarding the disposition of

Plaintiff's property and "covered up for the property room." (*Id.*) Plaintiff seeks damages from Defendants. (*Id.* at 6.)

## II. **LEGAL STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* In order to survive dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*,

*Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### III. ANALYSIS

The Court considers Plaintiff's claims brought pursuant to 42 U.S.C. § 1983. To recover under this provision, two elements must be shown. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

#### A. Property Claim

The Court construes Plaintiff's claim as a claim for deprivation of property without due process in violation of the Fourteenth Amendment. "Deprivation of inmate property by prison officials does not give rise to cognizable due process claim if the prisoner has an adequate post-deprivation state remedy." *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). "The existence of [a] post-deprivation remedy forecloses any due process claim, even if an inmate is dissatisfied with the result of the process." *Massi v. Zickefoose*, No. 10-802, 2011 WL 4810414, at *9 (D.N.J. Oct.7, 2011) (citation omitted).

Plaintiff has not alleged a lack of meaningful post-deprivation remedy for the property that was allegedly taken. In fact, Plaintiff acknowledges that he filed an inmate claim for lost property, and several inmate inquiry forms. (Compl. 4.) *See Williams v. Gartrell*, No. 15-5609, 2015 WL 5110913, at *3 (D.N.J. Aug. 31, 2015) (citation omitted) ("Although this Court construes this claim as alleging a violation of [the plaintiff's] due process rights, given the post-deprivation remedy available . . . [the plaintiff's] recourse . . . would be a common-law tort action against the appropriate defendants under the . . . [New Jersey Tort Claims Act], not a cause of action pursuant

3

to § 1983."). Plaintiff's due process claim against McEady, accordingly, is dismissed without prejudice for failure to state a claim for relief.

### B. Conspiracy

The Court construes Plaintiff's claim against Doran as one for conspiracy.

> In order to state a claim of conspiracy pursuant to 42 U.S.C. § 1983, a plaintiff must make specific factual allegations of a combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events in order to deprive plaintiff of a federally protected right.

*Adams v. City of Atl. City*, 294 F. Supp. 3d 283, 299 (D.N.J. 2018) (citation and internal quotation marks omitted). Here, Plaintiff has not pled facts sufficient to state a cognizable claim for conspiracy. Plaintiff has not alleged, for example, that Defendants had an agreement to deprive Plaintiff of his property, nor has he alleged how the actions of Doran were done to deprive Plaintiff of his constitutional rights. Plaintiff states, in a purely conclusory manner, that Doran "lied and covered up for the property room stating . . . that Plaintiff[']s radio and surge protector [were] destroyed on April 20, 2016." (Compl. 4.) These allegations are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678 (explaining that a plaintiff must plead sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses without prejudice Plaintiff's § 1983 claims against Defendants for failure to state a claim upon which relief may be granted. The Court grants Plaintiff thirty days to amend his complaint. An appropriate Order follows.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: April 17, 2019